[778 NYS2d 306]

# In the Matter of ARTHUR W. KLINGEL, JR., an Attorney, Resignor.

Second Department, June 14, 2004

## APPEARANCES OF COUNSEL

*Kressel, Rothlein, Walsh & Roth, LLC*, Massapequa (*Stephen Kressel* of counsel), for resignor.

*Robert P. Guido*, Syosset, for Grievance Committee for the Tenth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Arthur W. Klingel, Jr. has submitted an affidavit dated December 2, 2003, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Klingel was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 14, 1964.

Mr. Klingel acknowledges that he has been informed by Grievance Counsel that the Grievance Committee has adduced evidence of professional misconduct and that charges would be recommended by the Grievance Committee. Mr. Klingel admits that from approximately May 1998 through November 1999, he was entrusted with client funds to be held in escrow in connection with real estate transactions and other matters. During that time, he failed to properly maintain and preserve approximately $17,227 of escrow funds and failed to properly maintain and preserve required bank and bookkeeping records for his client trust accounts. No clients were aware of this failure since the funds were replaced before the required disbursement was to be made. The Grievance Committee discovered that misconduct in the course of investigating a sua sponte complaint initiated after it received a dishonored check notice from the Lawyers' Fund for Client Protection.

Mr. Klingel acknowledges that he cannot defend himself on the merits of any disciplinary charges which would be initiated by the Grievance Committee based upon the aforesaid allegations. He avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress by anyone. Mr. Klingel has discussed his decision to resign with his attorney, Stephen Kressel, as well as others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred from seeking reinstatement for at least seven years from the date his resignation is accepted by the Court.

Mr. Klingel acknowledges that his resignation is subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund pursuant to Judiciary Law § 90 (6-a). Mr. Klingel acknowledges the continuing jurisdiction of the Court to make such an order and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee is unaware of any claims for actual out-of-pocket losses and feels that the proffered resignation complies with the requirements of 22 NYCRR 691.9.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted and, effective immediately, Arthur W. Klingel, Jr. is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the resignation of Arthur W. Klingel, Jr. is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Arthur W. Klingel, Jr. is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Arthur W. Klingel, Jr. shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Arthur W. Klingel, Jr. is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Arthur W. Klingel, Jr. has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).